IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| GUAM INDUSTRIAL SERVICES, INC. dba GUAM SHIPYARD; and MATTHEWS POTHEN, | Civil Case No. 11-00014 | |
| Plaintiffs, | | |
| vs. | | |
| ZURICH AMERICAN INSURANCE COMPANY, a corporation; and STARR INDEMNITY & LIABILITY COMPANY, a corporation, | **ORDER** | |
| Defendants. | | |
| ZURICH AMERICAN INSURANCE COMPANY, a corporation; and STARR INDEMNITY & LIABILITY COMPANY, a corporation,, | *as consolidated with* | |
| Plaintiffs, | Civil Case No. 11-00031 | |
| vs. | | |
| GUAM INDUSTRIAL SERVICES, INC. dba GUAM SHIPYARD; MATTHEWS POTHEN; THE UNITED STATES OF AMERICA, by and through the Secretary of Transportation for the Maritime Administration, | | |
| Defendants. | | |

– 1 –

Before the court is Guam Industrial Services and Matthews Pothen's (hereinafter "Plaintiffs") Motion to Strike Defendant Starr Indemnity and Liability Company's Answer and For Default Judgment (*see* ECF No. 48) and the parties' Stipulation Re: (1) Motion to Strike Starr's Answer, and (2) Leave for Plaintiffs to File a Third Amended Complaint (*see* ECF No. 82).

Pursuant to the stipulation, the Plaintiffs are limiting the relief sought by their motion (ECF No. 48) to an order requiring Defendant Starr to post a surety bond pursuant to 22 G.C.A. § 15207.[1] Defendant Starr disputes that it is obligated to post a surety bond and argues that because (1) the insurance was procured through an authorized surplus line broker and (2) the type of insurance procured is one of transportation and navigation (marine insurance policy), it is exempted pursuant to 22 G.C.A. § 15204, from obtaining a certificate of authority as required by 22 G.C.A. § 15101. 22 G.C.A. § 15204 provides the following:

> The provisions of the *foregoing sections* do not apply to contracts of reinsurance or to contracts of insurance covering risks of transportation and navigation, or to contracts of insurance made through authorized surplus line broker or agents, nor do they apply to an insurer not authorized in this territory or its representatives, in investigating, adjusting losses or otherwise complying in this territory with the terms of its insurance contracts made in a state wherein the insurer was authorized and in which the property or risk was located or residing at time of the execution of the contract.

---

[1] 22 G.C.A. § 15207(a) provides in its entirety: "[b]efore any unauthorized insurer shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, such unauthorized insurer shall either (1) file with the clerk of the court in which such action, suit or proceeding is pending a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action; or (2) procure a certificate of authority to transact the business of insurance in this territory."

22 G.C.A. § 15204 (emphasis added). The question becomes what constitutes "foregoing sections" as stated in 22 G.C.A. § 15204, and whether this includes 22 G.C.A. § 15101. Applying the canon of statutory construction,[2] the court finds that the "foregoing sections" in 22 G.C.A. § 15204 applies only to the foregoing sections contained in Article 2 of Chapter 15 of Division 2 of Title 22 of the Guam Code Annotated, in that "any person, corporation, association or partnership" is exempted from the limitations set forth in Article 2 (to aid, negotiate or act as an agent to an unauthorized insurer) provided that the insurance contract covers risks of transportation and navigation, or that the insurance is obtained through an authorized surplus line broker or agent. 22 G.C.A. § 15801 allows an authorized surplus agent or broker to act as an agent for an unlicensed insurer. Without 22 G.C.A. § 15204 making an exemption to licensed surplus line brokers, the brokers or agents would run into a problem of noncompliance with 22 G.C.A. §§ 15201 through 15203, which are the "foregoing sections" of 22 G.C.A. § 15204 within Article 2. This is further supported by the fact that 22 G.C.A. § 15208 imposes a penalty to "any person, corporation, association or partnership" in violation of the sections contained in Article 2. Applying 22 G.C.A. § 15204 alongside 22 G.C.A. § 15208, "any person, corporation, association or partnership" that is exempted by 22 G.C.A. § 15204 would not be penalized pursuant to 22 G.C.A. § 15208.

     Moreover, it would be a stretch to interpret "foregoing sections" in 22 G.C.A. § 15204 to include sections outside of Article 2, as that would encompass more than just Article 1 of Chapter 15 of Division 2 of Title 22 of the Guam Code Annotated, because insurance law is governed by the entire Division 2 of Title 22 of the Guam Code Annotated.

---

[2] *See United States v. Maciel-Alcala*, 612 F.3d 1092, 1098 (9th Cir. 2010) (Statutory provisions are not examined in isolation but rather the words in a statute are read in their context and with a view to their place in the overall statutory scheme (citations omitted)).

– 3 –

Finally, Guam's insurance law states that insurers doing business in Guam through an authorized surplus line broker or agent are unlicensed insurers who "may be sued upon any cause of action arising under any policy of insurance so issued and delivered by it." *See* 22 G.C.A. § 15806. Reading this alongside 22 G.C.A. § 15207, such unlicensed insurers must obtain a certificate of authority or post a bond to defend such suit. 22 G.C.A. § 15207 is very clear in that it does not contain any exemptions. It should also be noted that 22 G.C.A. § 15204 is before 22 G.C.A. § 15207, which does not fall as one of the "foregoing sections" in Article 2.

Accordingly, the court hereby **GRANTS** the stipulation and **ORDERS** the following:

1. Plaintiffs are granted leave to file a Third Amended Complaint within fourteen (14) days of this court order.
2. Pursuant to 22 G.C.A. § 15207, Defendant Starr shall post a surety bond in the amount of $3,706,911.00 within thirty (30) days of this court order.
3. Nothing in the parties' stipulation or in this court order shall prevent the Plaintiffs from filing the same Motion to Strike or a similar motion, in the event Defendant Starr fails to post a surety bond pursuant to 22 G.C.A. § 15207.

In light of the parties' stipulation, the hearing date scheduled for August 22, 2012 to hear the Plaintiffs' Motion to Strike and for Default Judgment is hereby vacated.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Aug 02, 2012**